**STOFFT, Plaintiff, v. O'SHAUGHNESSY, Admr., et, Defendants.**

Probate Court, Franklin County.

No. 147014. Decided June 11, 1952.

Guy V. Fridley, Columbus, for plaintiff.
Jack M. Parrish, for administrator.

**OPINION**

By McCLELLAND, PJ.

This matter came on to be heard upon the Demurrer filed by the administrator of the estate of Thomas C. Walsh, deceased, to the Petition to Determine Heirship filed by Mazie Walsh Stofft, an alleged sister of said decedent, against said administrator and others. The ground for the Demurrer is "that said petition does not state facts sufficient to constitute a cause of action."

The pertinent allegations of the petition are that the plaintiff was a sister of the decedent, that the decedent died intestate October 8, 1951, seized of an interest in a certain parcel of real estate. The prayer of the petition is "that the Court determine the persons who are entitled to said real estate."

It is to be noted that for the right to bring this action counsel for the plaintiff relies on §10509-100 GC. In support of the demurrer counsel for the Administrator claims that the petition does not allege any facts showing that it was necessary for the plaintiff to determine who are the heirs-at-law of the decedent.

**Sec. 10509-100 GC,** upon which the plaintiff relies, reads as follows:

"**Sec. 10509-100 GC.** Whenever it shall be necessary for any other person to determine who are or were the heirs-at-law of a deceased person, on the petition of any interested party, on like proceedings, the court may make a determination thereof."

The above section is one of several sections (§10509-95 to §10509-101 GC) which prescribe the procedure to be followed for a determination of heirship and which were newly enacted as part of the 1932 Probate Code. Being comparatively new sections in our probate law, very little case law

interpreting their meaning may be found. We know of no case in which the question raised by this Demurrer has been decided.

Secs. 10509-95 and 10509-96 GC read together provide that whenever property passes by the laws of intestate succession, the administrator may file in the Probate Court of the county where the estate of the decedent is being administered, a petition for the determination of the heirs of such decedent. This contemplates that an administrator has been appointed for the decedent's estate and that he is in the process of administering the estate.

Sec. 10509-100 GC provides that whenever it shall be necessary for any other person to determine who are the heirs-at-law of a deceased person, on the petition of any interested party, the court may make a determination. The Petition alleges no facts showing that it is necessary for the plaintiff to determine who are the heirs-at-law of the decedent. Necessity cannot be inferred from the allegation that the plaintiff is a sister of the decedent.

When an administrator is appointed he assumes the duty under the law not only to properly administer the estate but also the duty to distribute the property of the decedent to the persons entitled thereto according to law. (Sec. 10506-4 GC.) Being burdened with this duty, the necessity to distribute the property to the persons entitled thereto falls upon the administrator. The law and the Court hold the administrator responsible and not the heirs.

Since this responsibility rests solely with the administrator he should be permitted to assume the responsibility. In most cases the administrator knows who the heirs of his decedent are and distributes the estate accordingly; he does not deem it necessary for his own protection to bring a suit to determine heirs. In fact, if there is no question in his mind as to who the heirs are, he would fail in his duty to the heirs if he brought such a suit and burdened them with the additional expense of such a suit. When the Probate Code Committee of The Ohio State Bar Association introduced in the 1931 Legislature the bill for the enactment of the new probate code, the provision in the bill for proceedings to determine heirs was made mandatory. However, at the instance of the Probate Code Committee, before the bill was enacted, the words "proceedings shall be had" were changed to "proceedings may be had," with the intention of making the statute merely permissive. Time has proved that this was a prudent move on the part of the committee.

On the other hand, there are other cases where the ad-

ministrator, at the time of his appointment, is not sure who are the heirs of the decedent. However, after research on his part and after considering the proof submitted to him, he may become entirely satisfied, before the time for distribution arrives, that his list of heirs is complete and does not deem it necessary to file a suit to determine heirs.

This brings us to the question of whether, under these sections, an heir may force the hand of an administrator and compel him to submit to a suit to determine the heirs of the estate he is administering. It may be, before the estate is ready for distribution, that the administrator is satisfied that the heir bringing the suit is actually the heir he claims to be. But the administrator owes a duty, not only to an heir who might sue him to establish his relationship, but he also owes a duty to the Court and to all the other heirs to ascertain who they are. If any heir is omitted from the distribution the responsibility does not fall upon an over anxious heir who brings suit against the administrator but it rests upon the shoulders of the administrator.

Of course, if an administrator is not sure who the heirs of the estate are or that he has a complete list of them, for his own protection, he will file a suit to determine heirs (§10509-101 GC). But an administrator, if he does what is expected of him by virtue of his appointment, will prepare his list of heirs as meticulously as he knows how and will procure the necessary proof of relationship before he submits the matter to the Probate Court for a final determination of heirship. This of course takes time and he will be deprived of this necessary time if an heir is permitted to force him into a suit to determine heirs before the period arrives when he may be forced to make a distribution. (Sec. 10509-182 GC.)

What then is the meaning of §10509-100 GC upon which plaintiff relies?

It simply means that whenever it shall be **necessary** for any **other** person (one other than an administrator) to determine who **are** or **were** the heirs-at-law of a deceased person, any interested party may ask the Court for a determination of the heirs-at-law of such deceased person. It must be necessary for such interested person to have such a determination made. There may be several instances where this necessity arises. For example, take a case where a will leaves property to "John Doe" for life and upon his death to the heirs of "John Doe." An uncertainty might arise upon the death of "John Doe" as to who are his heirs. Such uncertainty could give rise to the necessity of one of the heirs bringing a suit, under §10509-100 GC to have the Probate Court deter-

mine who are the heirs of "John Doe." Again, suppose the will provided that the remainder was to go to the heirs of the testator living at the time of the testator's death. In that case it may be necessary for one of the heirs of the testator to bring a suit under said section to have the Probate Court determine who were the heirs of the testator. Again, suppose under the terms of a testamentary trust the corpus of the trust, upon its termination, was to be distributed to the heirs of the testator living at the time of the termination of the trust. In such a case it might be necessary for the trustee, in order to protect himself from liability, to bring a suit under said section to have the Probate Court determine who are the heirs to whom he should distribute the trust corpus.

In the case of **Kane v. Kane, 146 Oh St 686,** we find a significant paragraph in the opinion of the Supreme Court, which reads as follows:

"This statute gives permissive, not mandatory, authority to institute such a proceeding, and §10509-96 GC, limits the right to invoke such proceeding to an executor or administrator. If an executor or administrator acts, then the surviving spouse, the legatees and devisees, or the heirs and distributees of a decedent, including those whose names are unknown, must be made parties defendant with the right and opportunity to establish their claims. But no provision is made by these statutes whereby a legatee or distributee, claiming an interest or share in a decedent's estate, may institute and prosecute such a proceeding."

We are not sure whether the above paragraph was intended as a statement of the court's opinion or whether it was merely a recitation of one of the claims of the appellees. From the context it would appear that it is part of the court's opinion. If it is part of the court's opinion it sustains us in our opinion in the instant case. In the above cited case an heir had filed a petition in the Common Pleas Court for a declaratory judgment under §12102 et seq GC, to determine the identity of the heirs-at-law of the decedent while the estate was in the process of administration in the Probate Court. The Court of Appeals had held that the Common Pleas Court was without jurisdiction of the subject of the action, reversed the judgment and dismissed the petition. The Supreme Court held that by virtue of §§12102-1 and 12102-4 GC, the Common Pleas Court and the Probate Court have concurrent jurisdiction to determine heirship. The appellees had contended that because the administration of the estate was, at the time of the filing of the petition, proceeding in the Probate Court, that Court had original and exclusive jurisdiction, and

that the action for a declaratory judgment would not lie in the Common Pleas Court.

If this plaintiff is not permitted to bring this suit, it may then be asked: "What else can she do to protect her interest in the estate?" She has already protected herself by notifying the administrator that she claims to be a sister of the decedent. The administrator, being responsible under the law for a proper distribution of the estate, if he has any doubt about the authenticity of the claim of the plaintiff, he is neither going to ignore or recognize her claim without submitting the matter to the Probate Court. If he ignores the plaintiff as an heir and distributes the estate to the other heirs, the plaintiff could attack the account of the administrator and procure a judgment against him and his bondsman (§10506-40 GC). It may be that after the administrator has been able to investigate the claim of the plaintiff and has procured proof of relationship that to him appears to be authentic, he may not deem it necessary for his protection to file a suit to determine heirs.

Again a suit to determine heirs is not the only procedure to which the administrator may resort for his own protection. He may, instead, choose to file an application for an order of distribution under §10506-40a GC. Under this section he may serve notice of the hearing on the application upon the plaintiff and upon all persons who may be affected by such order of distribution. At the hearing on this application the court determines the persons entitled to distribution and makes an order of distribution accordingly. Such order of distribution protects the administrator the same as he is protected upon the settlement of his account after he has given notice of the hearing thereon in accordance with §10506-37 GC.

If nine months have expired after the appointment of the administrator and distribution has not been made, and if no proceeding has been brought by the administrator for a determination of the persons entitled to the estate, the plaintiff then may apply to the Probate Court for an order requiring the administrator to distribute the assets of the estate, in which proceeding she is afforded an opportunity to set up her claim. (Sec. 10509-182.)

Since the petition does not allege facts showing that it is necessary for the plaintiff to determine who are the heirs-at-law of the decedent, it is our conclusion that the petition does not state facts sufficient to constitute a cause of action, and the demurrer will therefore be sustained.

Having ruled on the right of the plaintiff to bring this action, it is not necessary for us to pass upon the question

raised at the hearing as to whether or not the suit was prosecuted by the real party in interest, the petition having been signed and filed by an attorney in fact under a power of attorney.