OPINION
On November 9, 1965, William Maharg executed a will. Mr. Maharg left his entire estate in trust for the benefit of his son, appellant, Wayne Maharg. On July 11, 1978, appellee, Mitzi Maharg, was born. Mother of Mitzi is appellee, Stella Maharg. Listed on Mitzi's birth certificate as father is Mr. Maharg. Appellee Stella and Mr. Maharg were married on September 28, 1979.
On June 17, 1996, Mr. Maharg died without ever changing his will. Appellee Stella was appointed Administrator, W.W.A. Appellee Stella submitted a proposed final accounting distributing a share of Mr. Maharg's estate to appellee Mitzi as a pretermitted heir.
On August 29, 1997, appellant filed a complaint against appellees to determine heirship. On September 16, 1997, appellant filed a motion for an order directing appellee Mitzi to submit to genetic testing. On September 25, 1997, appellee Mitzi filed a motion to dismiss appellant's complaint. Appellee Stella joined in said motion by memorandum filed October 28, 1997. On October 6, 1997, appellant filed a second motion for an order directing appellee Mitzi to submit to genetic testing and cited Civ.R. 35(A) in support.
A hearing on all issues was held on October 21, 1997. By judgment entry filed October 31, 1997, the trial court denied appellant's motions for genetic testing and granted appellees' motion to dismiss.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error as follows:
I
 THE PROBATE COURT COMMITTED PREJUDICIAL ERROR IN THAT THE DISMISSAL OF APPELLANT'S COMPLAINT TO DETERMINE HEIRSHIP IS CONTRARY TO LAW.
II
 THE PROBATE COURT COMMITTED PREJUDICIAL ERROR IN THAT ITS FINDINGS OF FACT ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
III
 THE PROBATE COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S DISCOVERY REQUEST FOR GENETIC TESTING.
 I
Appellant claims the trial court erred in dismissing his complaint. We disagree with the trial court's reasoning but concur with the dismissal.
In her proposed final accounting in Licking County Probate Case No. 96-0615, appellee Stella included a distribution to appellee Mitzi as a pretermitted heir. R.C. 2107.34
defines a pretermitted heir as "a testator has a child born alive, or adopts a child, or designates an heir in the manner provided by section 2105.15 of the Revised Code, or if a child or designated heir who is absent and reported to be dead proves to be alive." Although the record sub judice is devoid of the probate estate documents, the parties do not disagree appellee Stella took no action to determine heirship pursuant to R.C. 2123.01 et. seq.
save for her attempt to make a distribution to appellee Mitzi.
Appellant filed a complaint to determine heirship pursuant to R.C. 2123.06 which states as follows:
 Whenever it is necessary for any person other than an executor or administrator to determine who are or were the heirs at law of a deceased person, on the petition of any interested party and proceedings like those set forth in sections 2123.01 to 2123.05, inclusive, of the Revised Code, the probate court may make a determination thereof.
A complaint which does not allege facts showing "necessity" will be dismissed. Although recent court decisions have been silent on the interpretation of "necessity" we have the original interpretation given to the word by Judge McClelland of the Tenth District Court of Appeals in Stofft v. O'Shaughnessy, Admr., etal. (1952), 48 O.O. 143. Judge McClelland found a mere allegation of kinship to the decedent is not sufficient to infer necessity.
Upon examination of appellant's complaint, we find no statement of necessity as required by statute therefore, appellant's complaint fails to state a claim upon which relief may be granted. The trial court was correct in granting the dismissal pursuant to Civ.R. 12(B)(6).
As for the trial court's determination that appellant has no standing to object to appellee Mitzi's parentage, we find said determination to be in error. Once the proposed distribution has been filed, an aggrieved heir has the right to object and present evidence:
 Again a suit to determine heirs is not the only procedure to which the administrator may resort for his own protection. He may, instead, choose to file an application for an order of distribution under Section 10506-40a of the General Code. Under this section he may serve notice of the hearing on the application upon the plaintiff and upon all persons who may be affected by such order of distribution. At the hearing on this application the court determines the persons entitled to distribution and makes an order of distribution accordingly. Such order of distribution protects the administrator the same as he is protected upon the settlement of his account after he has given notice of the hearing thereon in accordance with Section 10506-37 of the General Code.
 Stofft at 146.
Assignment of Error I is denied.
 II, III
Based upon our decision in Assignment of Error I, these assignments of error are moot.
The judgment of the Court of Common Pleas of Licking County, Ohio, Probate Division is hereby affirmed.
By Farmer, P.J., Gwin, J. and Wise, J. concur.